UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| JACOBY DESHON HILDREDTH,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>W. S. PLILER, Warden,<br><br>　　　　　Respondent. | Case No. 5:20-cv-01667-DOC-JDE<br><br>ORDER TO SHOW CAUSE<br>WHY THE PETITION SHOULD<br>NOT BE DISMISSED |

## I.
## INTRODUCTION

On August 18, 2020, Petitioner Jacoby Deshon Hildredth ("Petitioner"), a federal prisoner proceeding pro se, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, contending that he is entitled to presentence custody credits for time spent in custody. Dkt. 1 ("Petition" or "Pet."). Petitioner asserts "[t]his is [his] first attempt at gaining validation for the time credit . . . ." Pet. at 4.

A habeas petition brought under 28 U.S.C. § 2241 is subject to the same screening requirements that apply to habeas petitions brought under 28 U.S.C. § 2254. See Rules Governing Section 2254 Cases in the United States District

Courts ("Habeas Rules"), Habeas Rule 1(b) (providing that district courts may apply the Habeas Rules to habeas petitions that are not brought under 28 U.S.C. § 2254). Accordingly, a district court "must promptly examine" the petition and, "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief," the "judge must dismiss the petition." Habeas Rule 4; Mayle v. Felix, 545 U.S. 644, 656 (2005).

Pursuant to Rule 4 of the Habeas Rules, the Court has conducted a preliminary review of the Petition and finds it appears subject to dismissal for failure to exhaust administrative remedies.

## II.
## PETITIONER'S CLAIMS

1. Petitioner did not know at the time of his criminal proceedings that the "time being served would be in question towards [his] sentence." Pet. at 7.

2. Based on his acknowledgment of guilt, "every day in custody with the U.S. Marshal should have been applied to [Petitioner's] sentence." Pet. at 8.

3. Petitioner's "reasons for being incarcerated at the time of the Federal Indictment stem from the same criminal episode charged by the state agency and based on the involvement between the two entities it is only fair that [his] time credit reflect the chain of custody." Pet. at 8.

Petitioner requests that the sixteen months in the custody of the U.S. Marshal between September 2015 through January 2017 be credited to completion of his federal sentence. Pet. at 9.

## III.
## DISCUSSION

"As a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under [28 U.S.C.] § 2241." Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012). Requiring administrative exhaustion "aid[s] judicial review by allowing the

appropriate development of a factual record in an expert forum; conserve[s] the court's time because of the possibility that the relief applied for may be granted at the administrative level; and allow[s] the administrative agency an opportunity to correct errors in the course of administrative proceedings." Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir. 1983) (per curiam).

Since the exhaustion requirement is not a "jurisdictional prerequisite," courts have discretion to waive the requirement in Section 2241 cases. Ward, 678 F.3d at 1045 (citation omitted); Laing v. Ashcroft, 370 F.3d 994, 998 (9th Cir. 2004). Courts may waive the exhaustion requirement where administrative remedies are inadequate or not efficacious, pursuit would be futile, irreparable injury will result, or the administrative proceedings would be void. See Ward, 678 F.3d at 1045; Laing, 370 F.3d at 1000.

Here, it appears from the face of the Petition that Petitioner has failed to exhaust administrative remedies because he has not pursued relief through the Federal Bureau of Prisons ("BOP") administrative remedy program. In response to the question on the form habeas petition asking whether he appealed the decision, filed a grievance, or sought an administrative remedy, Petitioner responded, "No," explaining that his "understanding was not clear as to how to proceed with the inquisiton towards the court while already in the BOP custody." Pet. at 3-4. He concedes "[t]his is [his] first attempt at gaining validation for the time credit" (id. at 4), and he does not provide any explanation as to why the exhaustion requirement should be waived in this case.

## IV.

## ORDER

Petitioner is therefore ORDERED TO SHOW CAUSE in writing within thirty (30) days of this Order explaining why this action should not be dismissed without prejudice for failure to exhaust administrative remedies. If

Petitioner contends that he has, in fact, exhausted some or all of his claims, he must clearly explain the basis for this contention, and provide any available competent evidence that establishes exhaustion. If Petitioner claims exhaustion of his administrative remedies should be waived, he shall set forth in detail the facts supporting this contention.

If, after review of this Order, Petitioner should decide not to further pursue this action at this time, Petitioner may voluntarily dismiss the action by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1). <u>The Clerk is directed to send Petitioner a Central District Request for Dismissal form</u>.

**The Court warns Petitioner that failure to timely file a response to this Order may result in the dismissal of this action for failure to exhaust, lack of prosecution, and/or failure to comply with a Court order.** See Fed. R. Civ. P. 41(b).

Dated: September 09, 2020

_____
JOHN D. EARLY
United States Magistrate Judge